```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JENN-CHING LUO,

                        Plaintiff,

        -against-                                MEMORANDUM & ORDER
                                                 12-CV-6054(JS)(AKT)
BALDWIN UNION FREE SCHOOL DISTRICT,
JAMES MAPES, MARY HOBBS, and JELTJE
deJONG,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:         Jenn-Ching Luo, pro se
                       P.O. Box 261
                       Bircheunville, PA 19421

For Defendants:        Jeltje deJong, Esq.
                       Devitt Spellman Barrett, LLP
                       50 Route 111
                       Smithtown, NY 11787
```

SEYBERT, District Judge:

Plaintiff Jenn-Ching Luo ("Plaintiff" or "Luo") commenced this action pro se on December 10, 2012 against Defendants Baldwin Union Free School District (the "District"), James Mapes, Mary Hobbs, and Jeltje deJong (collectively, "Defendants") asserting violations of the First Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983 and New York's Freedom of Information Law ("FOIL"), N.Y. PUB. OFF. LAW § 84, et seq. Pending before the Court are Defendants' motion to dismiss and Plaintiff's motion to amend the Complaint. For the following

reasons, Defendants' motion is GRANTED IN PART and DENIED IN PART and Plaintiff's motion is DENIED.

BACKGROUND[1]

According to the Complaint, Defendant James Mapes, who is the Superintendent of the District, is in possession of a "purchase order" dated September 14, 2012, which states as follows:

> The cost of the replacement was $239.76. . . .
> This does not include the cost of labor for
> measuring[,] cutting, sanding and placing the
> table cover.  The labor cost to the district
> to accomplish the installation was $160.00.
> This work was done with district personnel.

(Compl. ¶ 10.)  The purchase order also included the following type-written items:

>     6.00EA   5x8x1/4 ABRASION/MAR RESISTANT TWO
>              SIDES POLYCARBONATE FOR **LENOX**
>
>                        299.7100  1,798.26
>
>    10.00EA   4x8x1/4 ABRASION/MAR RESISTANT TWO
>              SIDES   POLYCARBONATE   **DISTRICT
>              OFFICE**
>
>                        239.7600  2,397.60
>
>                           Total  4,195.86

(Compl. ¶ 12.)  And it included the following hand-written payment information:

---

[1] The following facts are drawn from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

        1/10/12        #90453268        1,798.26
        1/3/12         #90451392        2,397.60

(Compl. ¶ 12.)

Plaintiff, believing that this purchase order was fabricated (Compl. ¶ 11), submitted a FOIL request to the District on October 10, 2012, that stated:

> please provide a copy of the district record (e.g., bank statement or other official document) that shows the payment $160.00 and the date, and also provide the name of the person(s) who did the work and when the job was done.

(Compl. ¶ 14.)  Before he received a response, he submitted an identical request on October 18, 2012.  (Compl. ¶ 15.)  The District responded to his requests via letter dated October 19, 2012, which stated as follows:  "I have been informed by Mr. Edward Cullen, Assistant Superintendent of Business, that such documents requested in both FOIL request [sic] do not exist."  (Compl. ¶ 16.)  The letter was signed by Defendant Mary Hobbs, the District's clerk, on behalf of the District.  (Compl. ¶ 16.)

Plaintiff sent a follow-up letter on October 22, 2012, asking:  "Does your 'no record' mean no one did the job and the job was never done and the District never paid the $160.00?"  (Compl. ¶ 25.)  The District responded stating that:  "Your inquiry into why no record exists is an inappropriate FOIL request which requires no response from the district under FOIL."  (Compl. ¶ 28.)

Plaintiff submitted another request on October 25, 2012, asking the District to "provide documents, records, or photos that could show completion of the job and the approval of the complete job. If you agree, I can send someone to take photos of the table top. Please respond according to FOIL." (Compl. ¶ 33.) The District never responded, so Plaintiff re-sent his request on November 7, 2012. (Compl. ¶ 34.) Plaintiff did not receive a response to his November 7, 2012 request either. (Compl. ¶ 36.)

On November 14, 2012, Plaintiff submitted a fourth request, asking the District to provide a copy of "records #90453268 & #90451392" and asked "who made the hand writing." (Compl. ¶ 41.) The District never responded to this request, so Plaintiff re-sent it on November 26, 2012. (Compl. ¶ 42.) Plaintiff did not receive a response to his renewed request either. (Compl. ¶ 43.)

On November 26, 2012, Plaintiff also called Superintendent Mapes' office to find out why he had not received any responses to his recent requests. (Compl. ¶ 47.) A woman answered the phone, "Mary speaking," but "claimed she was not [Defendant Mary] Hobbs, and refused to identify herself." (Compl. ¶¶ 48-49.) "Mary" stated that the District had been instructed by counsel not to respond to Plaintiff's requests. (Compl. ¶ 50.)

She also stated that the District demanded that Plaintiff "cease and desist" from communicating with the District. (Compl. ¶ 50.)[2]

Plaintiff later wrote to Superintendent Mapes and received a response from the District's lawyer, Defendant Jeltje deJong.[3] (Compl. ¶¶ 51-52.) According to the Complaint, Defendant deJong "confessed she instructed Mary Hobbs, district clerk, not to communicate with Luo and not to respond to Luo's FOIL requests, and also demanded Luo to 'cease and desist' from communicating with [the] school district." (Compl. ¶ 52.)

Plaintiff filed a notice of claim on December 7, 2012 (Compl. ¶ 55) and commenced this action on December 10, 2012. Plaintiff's Complaint asserts two causes of action: (1) that the District, Mapes, and Hobbs violated FOIL by failing to promptly and properly respond to his requests and (2) that all Defendants violated the First Amendment's freedom of petition and free speech clauses by demanding that Plaintiff cease and desist from

---

[2] The Court takes judicial notice of the fact that Plaintiff previously sued the District to redress perceived infirmities in the way that the District was addressing the educational needs of his disabled child. Luo v. Baldwin Union Free Sch. Dist., No. 10-CV-1985(JS)(AKT) (E.D.N.Y.). The action was dismissed in its entirety on March 5, 2012, and judgment was entered on March 7, 2012. Plaintiff moved for reconsideration on March 8, 2012, and that motion was denied on March 21, 2013. Plaintiff filed a notice of appeal on April 12, 2013. That appeal is still pending.

[3] Ms. deJong is representing all defendants, including herself, in the present action.

5

communicating with the District. Plaintiff seeks only monetary relief.

## DISCUSSION

Pending before the Court are Defendants' motion to dismiss the Complaint in its entirety and Plaintiff's motion to amend his Complaint to add an equal protection claim. The Court will address each motion separately.

I. Defendants' Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] The Court will first discuss the applicable standard of review under Rule 12(b)(6) before addressing Defendants' arguments in support of dismissal.

A. Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a plausibility standard, which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly,

---

[4] Defendants also assert that they are moving to dismiss for improper service pursuant to Rule 12(b)(5) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Defs. Mot. 1.) However, Defendants did not brief their service of process argument (and, thus, the Court need not and will not address it), and the Court clearly has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367(a), as Plaintiff is alleging a violation of his constitutional rights.

6

550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of the allegations in the Complaint as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); accord Harris, 572 F.3d at 72. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Although pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citation omitted)), they must still comport with the procedural and substantive rules of law, see Colo. Capital v. Owens, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

 B. FOIL Claim

 Under FOIL, "[e]ach agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that [fall within one of the listed exceptions]." N.Y. PUB. OFF. LAW § 87(2). An agency "within five

business days of the receipt of a written request for a record reasonably described, shall make such record available to the person requesting it, deny such request in writing or furnish a written acknowledgement of the receipt of such request and a statement of the approximate date . . . when such request will be granted or denied . . . ." Id. § 89(3)(a). Here, the Complaint asserts that the District, Mapes, and Hobbs' failure to timely and properly respond to Plaintiff's requests is a violation of FOIL and entitles him to monetary relief. Defendants argue that this fails to state a claim. The Court agrees.

"FOIL does not give rise to a private cause of action to recover money damages." Sank v. City Univ. of N.Y., No. 94-CV-0253, 2002 WL 523282, at *9 (S.D.N.Y. Apr. 5. 2002) (citing Warburton v. State, 173 Misc. 2d 879, 881-82, 662 N.Y.S.2d 706, 708 (Ct. Cl. 1997)); see also Yip v. Bd. of Trs. of the State Univ. of N.Y., No. 03-CV-0959, 2004 WL 2202594, at *7 (W.D.N.Y. Sept. 29, 2004), aff'd, 150 F. App'x 21 (2d Cir. 2005). Accordingly, as Plaintiff is seeking only monetary damages, the Court cannot grant Plaintiff the relief that he seeks, and his claim must be dismissed.

Further, "[t]he appropriate vehicle for challenging denials[5] of access guaranteed by the New York Freedom of

---

[5] An agency's failure to respond to a FOIL request "constitute[s] a denial" of that request. N.Y. PUB. OFF. LAW § 89(4)(a)-(b).

8

Information [L]aw is a state court proceeding pursuant to N.Y. C.P.L.R. Article 78 upon exhaustion of administrative remedies." Schuloff v. Fields, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997); see also Posr v. City of N.Y., No. 10-CV-2551, 2013 WL 2419142, at *14 (S.D.N.Y. June 4, 2013) ("Under New York state law, if an agency or government official fails to comply with the provisions of FOIL, the person submitting the FOIL request must pursue an administrative appeal or seek remedies in state court pursuant to N.Y. C.P.L.R. Article 78." (citing N.Y. PUB. OFF. LAW § 89)); Sonds v. Cuomo, No. 11-CV-0895, 2012 WL 952540, at *3 (N.D.N.Y. Feb. 3, 2012) ("Plaintiff's state FOIL request cannot be the basis of a federal action."), adopted by 2012 WL 952416 (N.D.N.Y. Mar. 20, 2012). Thus, Plaintiff's claim is not appropriately before this Court.

Therefore, Defendants' motion to dismiss Plaintiff's FOIL claim is GRANTED, and this claim is hereby DISMISSED WITH PREJUDICE.[6]

---

[6] To the extent that Plaintiff is attempting to assert a constitutional due process violation arising out of Defendants' failure to comply with the procedural requirements of FOIL, his claim also fails. An individual is only entitled to "due process" if he is deprived of a protected liberty or property interest, see Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 313 (2d Cir. 2002), and, here, Plaintiff does not have a protected property interest in the requested FOIL documents, see Papay v. Haselhuhn, No. 07-CV-3858, 2010 WL 4140430, at *7 (S.D.N.Y. Oct. 21, 2010) (finding that the plaintiff did not have a protected property interest in requested FOIL documents because "access to [those] documents constitutes a mere expectation of Plaintiff,

C.  First Amendment Claim

Defendants argue that Plaintiff's First Amendment claim must be dismissed because "[t]he District's alleged failure to comply with FOIL procedures does not violate [P]laintiff's First Amendment rights." (Defs. Mot. 6.)  Defendants are correct, see, e.g., Schuloff, 950 F. Supp. at 68 (dismissing a First Amendment claim arising out of an alleged FOIL violation, stating that the plaintiff "cannot rely on her right to receive information and ideas to compel the government to produce the records in question"); Simpson v. Town of Southampton, No. 06-CV-6743, 2007 WL 1755749, at *4 (E.D.N.Y. June 15, 2007) (dismissing a First Amendment claim arising out of an alleged FOIL violation, finding that "[a] failure to comply with FOIL procedures does not, in and of itself, violate any rights protected by the First Amendment"), and to the extent that Plaintiff's First Amendment claim arises out of Defendants' failure to comply with FOIL and respond to his FOIL requests, Defendants' motion is GRANTED and those claims are DISMISSED WITH PREJUDICE.

The Court, however, also reads Plaintiff's Complaint liberally (as it must, see Erickson, 551 U.S. at 94) to assert a First Amendment claim arising out of Defendants' demand that Luo

---

not an entitlement that would establish a property interest under the Due Process Clause").

"cease and desist" communicating with the District and/or filing requests under FOIL. Whether this restriction infringed on Plaintiff's First Amendment rights to free speech and freedom to petition was not addressed by Defendants,[7] and the Court cannot sua sponte dismiss a claim without giving Plaintiff notice and an opportunity to respond, see Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994). Accordingly, to the extent that Defendants seek dismissal of Plaintiff's First Amendment claim in its entirety, their motion is DENIED.

Defendants further argue that Plaintiff's First Amendment claim against the District must be dismissed because the Complaint "has failed to allege a Monell claim against the District." (Defs. Mot. 7.) The Court disagrees. To prevail on a Section 1983 claim against a municipality, a plaintiff must plead and prove that the unconstitutional acts of its employees are attributable to a municipal policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To plead an official policy or custom, a complaint must allege the existence of, inter alia, "a formal policy which is officially endorsed by the municipality" or "actions taken or decisions made by government officials responsible for

---

[7] Although Plaintiff raised this omission in his opposition brief (Pl. Opp. 10 ("DeJong's Open Brief failed to defend the cause 'refusing communicating' and 'demand to cease and desist.'")), Defendants chose not to submit a reply brief.

11

establishing municipal policies which caused the alleged violation of the plaintiff's civil rights." Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citing Monell, 436 U.S. at 690; Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)). The allegations in the Complaint here--namely, that the District, through its superintendent, demanded that Plaintiff cease all communications--are sufficient at this stage of the litigation to state a claim against the District. See Pembaur, 475 U.S. at 480 (finding that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances"); see also Konits v. Valley Stream Cent. High Sch. Dist., No. 01-CV-6763, 2006 WL 224188, at *4 (E.D.N.Y. Jan. 28, 2006) ("[E]ven one decision by a school superintendent, if acting as a final policymaker, could render his or her decision district policy."). Accordingly, to the extent that Defendants seek dismissal of Plaintiff's First Amendment claim against the District, their motion is DENIED.

II. Plaintiff's Motion to Amend

Also pending is Plaintiff's motion to amend his Complaint to add an equal protection claim.[8] The Court will first

---

[8] The Court notes that Plaintiff did not attach a proposed amended complaint to his motion papers. Although failure to submit a proposed pleading is grounds for denying a motion to amend, see, e.g., Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) ("Where the proposed amended complaint does not accompany the motion to amend, . . . the Court may deny the motion without

12

discuss the applicable standard of review before addressing the merits of Plaintiff's request.

   A.   Standard of Review

Courts should grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Leave to amend should be granted "unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

   B.   Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473

---

prejudice." (citations omitted)); Schwasnick v. Fields, No. 08-CV-4759, 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) ("The court may also deny leave to amend where the Plaintiff[] fails to submit a proposed pleading and does not explain why."), given Plaintiff's pro se status, the Court will nonetheless consider the merits of his application.

13

U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985) (internal quotation marks and citation omitted). Because Plaintiff has not alleged that he is a member of a suspect class, to plead an equal protection claim, he must assert that he was treated differently from similarly situated individuals and either (i) that "such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person" ("selective prosecution" equal protection) or (ii) that there was "no rational basis for the difference in treatment" ("class-of-one" equal protection). Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2004) (internal quotation marks and citations omitted). As Plaintiff's motion does not identify any similarly-situated individuals (i.e., any other individuals with litigation pending against the District and/or who have submitted numerous, allegedly frivolous FOIL requests)--let alone any similarly-situated individuals that were treated differently-- Plaintiff's equal protection claim fails as a matter of law. See, e.g., MacPherson v. Town of Southampton, 738 F. Supp. 2d 353, 371 (E.D.N.Y. 2010) (dismissing the plaintiffs' equal protection claim--"whether pled as a selective enforcement claim or a class-of-one claim"--because the complaint failed to "identify any comparators or similarly situated entities at all"). Accordingly,

14

the Court finds that leave to amend would be futile, and Plaintiff's motion to amend is DENIED.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendants' motion to dismiss (Docket Entry 5) is GRANTED IN PART and DENIED IN PART, and Plaintiff's FOIL claim and First Amendment claim arising out of purported FOIL violations are DISMISSED WITH PREJUDICE. The only surviving claim is Plaintiff's First Amendment claim arising out of the District's barring Plaintiff from communicating with the District and from filing future FOIL requests. It is further ORDERED that:

(2) Plaintiff's motion to amend (Docket Entry 16) is DENIED.

Counsel for Defendants is ORDERED to serve a copy of this Memorandum and Order on the pro se Plaintiff and file proof of service forthwith.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  September 3, 2013
        Central Islip, NY

15